UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE DUNBAR a/k/a ALAMIN SAMAD,<br><br>             Petitioner,<br><br>     v.<br><br>SUPERIOR COURT OF CALIFORNIA COUNTY OF SACRAMENTO,<br><br>             Respondent. | No.  2:21-cv-01022 WBS GGH P<br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

     Petitioner, a state prisoner proceeding pro se, has filed an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 9. The matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 626(b)(1) and Local Rule 302(c).

     Petitioner challenges a state court's denial of his 1999 conviction in the Sacramento County Superior Court for transportation of a controlled substance and possession of a controlled substance based on a lack of jurisdiction. ECF No. 9.  The court's records reveal that petitioner has previously filed an application for a writ of habeas corpus attacking the original conviction and sentence challenged in this case. The previous application was filed on June 21, 2004 and

////

////

////

dismissed as untimely on August 15, 2005. See Dunbar v. Schribner, et. al, 2:04-cv-01176-GEB-PAN. Judgment was entered on November 3, 2005. Dunbar v. Schribner, et. al, 2:04-cv-01176-GEB-PAN (ECF No. 27). The appeal therefrom was affirmed on September 15, 2008. Dunbar v. Schribner, et. al, 2:04-cv-01176-GEB-PAN (ECF Nos. 36, 37).

It appears from the instant petition that petitioner sought some type of "extra" collateral review in state court years afterwards based on the asserted lack of initial jurisdiction of the state court to convict him. Petitioner fashions this petition as a challenge to the latter state court, collateral review, final judgment. ECF No. 9 at 10-11 ¶10.

Perhaps petitioner realizes that a habeas action would be barred as successive, and attempts to disguise his action as a simple appeal of a state court, collateral review, final judgment (entered years after his initial conviction), or as a petition seeking mandamus against the state court to grant the relief he sought in state court. However, the Rooker-Feldman doctrine bars review if his present action is fashioned as an "appeal" from a final state court judgment.[1] To the extent petitioner is seeking mandamus against a state court, this federal court does not have jurisdiction to do so. Demos v. U.S. District Court, etc., 925 F.2d 1160, 1161 (9th Cir. 1991) (citing 28 U.S.C. § 1651). Thus, pared to its essence, this action is a successive habeas corpus petition, disguised or not.

Before petitioner can proceed with the instant application, he must move in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider this successive petition. See 28 U.S.C. § 2244(b)(3). Therefore, the petition must be dismissed without prejudice to its re-filing upon obtaining authorization from the United States Court of Appeals for the Ninth Circuit.

In accordance with the above, IT IS HEREBY RECOMMENDED that this action be dismissed as a second or successive habeas corpus application without prejudice to its refiling

---

[1] "The Rooker–Feldman doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" Lance v. Dennis, 546 U.S.459, 460 (2006) (citing Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005)).

with a copy of an order from the Ninth Circuit Court of Appeals authorizing petitioner to file a successive petition.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 13, 2021

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE