UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE NELSON DUNBAR,<br><br>   Petitioner,<br><br>v.<br><br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO,<br><br>   Respondent. | Case No. 2:21-cv-01022-WBS-JDP (HC)<br><br>FINDINGS AND RECOMMENDATIONS THAT PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT AND TO APPOINT COUNSEL BE DENIED<br><br>OBJECTIONS DUE IN FOURTEEN DAYS<br><br>ECF No. 14 |

This petition under section 2254 was dismissed without prejudice on October 6, 2021, after it was determined to be successive; a previous petition had been denied at the district level in 2005 and the denial affirmed by the Court of Appeals in 2008. ECF No. 10 at 1-2; ECF No. 12. Petitioner has now filed a motion for relief from judgment and to appoint counsel, arguing that the district court failed to recognize that the dismissed petition was based on evidence that could not have been obtained until 2019. ECF No. 14. The motion fails, however, because petitioner did not obtain authorization from the Court of Appeals for a successive petition.

A grant of a motion to amend or alter judgment under Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James Wm. Moore *et al.*, Moore's Federal Practice § 59.30[4] (3d ed. 2000)). A motion to amend or alter judgment should be granted only where a court "'is presented with newly discovered evidence,

1  committed clear error, or if there is an intervening change in the controlling law.'" *McDowell v.*
2  *Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc) (quoting *389 Orange St. Partners v.*
3  *Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

Petitioner's argument that his petition is predicated on evidence that could only have been obtained in 2019 does not warrant relief from judgment. Any successive petition must be authorized by the Court of Appeals before proceeding. *See* 28 U.S.C. § 2244(b)(3)(A). Both the magistrate and district judges have informed petitioner of this prerequisite. ECF No. 10 at 2; ECF No. 12 at 2. Petitioner does not argue that he has fulfilled this requirement; instead he advances his argument that the petition cannot be successive since it is based on new evidence. ECF No. 14 at 1-2. Petitioner's argument lacks support in the law; a petition is considered successive if it challenges the same detention as a prior petition. *See* 28 U.S.C. § 2244(a). New availability of favorable evidence is a reason to allow a successive petition, but it does not relieve the petitioner of applying for authorization from the circuit.

In denying the motion for relief from judgment, I necessarily recommend denying petitioner's request for appointment of counsel.

For the foregoing reasons, I recommend that petitioner's motion for relief from judgment and for appointment of counsel, ECF No. 14, be denied.

These findings and recommendations are submitted to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within fourteen days of the service of the findings and recommendations, the parties may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   November 29, 2022            /s/ Jeremy Peterson
                                            JEREMY D. PETERSON
                                            UNITED STATES MAGISTRATE JUDGE

3